IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DON CLANTON, JR. | § | |
| v. | § | CIVIL ACTION NO. 9:10cv68 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Don Clanton Jr., proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of disciplinary action taken against him during his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Clanton complained of a disciplinary case which he received for sexual misconduct. As punishment, he received 45 days of commissary restrictions, 15 days of recreation restrictions, reduction in classification status, and the loss of 30 days of good time credits. Clanton argued that he should not have been punished for his actions because he suffers from "compulsive masturbation," he was refused treatment for this alleged disorder, and he was denied due process in the disciplinary proceeding when his counsel substitute refused to present documentary evidence and this evidence was not taken into consideration.

The Respondent was ordered to answer the petition and did so. In his answer, the Respondent argued that Clanton had not exhausted his administrative remedies on all of his claim, his contentions are without merit, and he did not show the infringement of a constitutionally protected liberty interest because he is not eligible for release on mandatory supervision. Clanton

filed a response asserting that his claims are true, he was treated unfairly, he was not allowed to present documentary evidence, he has a "compulsive masturbation disorder," the disciplinary case could affect his release on parole, he received ineffective assistance from his counsel substitute, the charging officer gave conflicting stories, and he exhausted his administrative remedies as best he could. Clanton did not address the issue of whether or not a protected liberty interest had been infringed.

After review of the pleadings, the Magistrate Judge issued a Report on October 8, 2010, recommending that the petition be dismissed because Clanton had not shown the infringement of a protected liberty interest, as set forth in Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). The Magistrate Judge also recommended that Clanton be denied a certificate of appealability *sua sponte*. Clanton filed objections to the Magistrate Judge's Report on October 19, 2010.

In his objections, Clanton says that he has shown evidence that his right to due process was violated and that he received ineffective assistance from his counsel substitute. He again contends that the charging officer gave conflicting versions but his counsel substitute failed to notice this. He says that if he continues to get cases of sexual misconduct, his conditions of confinement will be affected because he will not be allowed out of administrative segregation and into general population, and that holding him in administrative segregation violates his constitutional rights because he cannot get rehabilitated there. He asks that the Court look into "the liberty interest of my confinement in ad.seg.," and suggests that if the psych department were to make a note in his record that he cannot receive disciplinary cases for sexual misconduct, the situation would be resolved.

Clanton's objections are without merit. There is no constitutionally protected liberty interest in remaining free from administrative segregation. Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996). Nor does the fact that Clanton has more limited access to rehabilitative opportunities in segregation give rise to a protected liberty interest. Newman v. Alabama, 559 F.2d 283, 292 (5th Cir. 1977). Although Clanton argues that his opportunity to make parole will be hindered, the Fifth Circuit has held that there is no

constitutionally protected liberty interest in release on parole for Texas inmates. Creel v. Keene, 928 F.2d 707, 711 (5th Cir. 1991). Clanton's alleged disorder does not convey a protected liberty interest in engaging in sexual misconduct. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Magistrate Judge's Report is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Don Clanton, Jr. is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **1** day of **November, 2010.**

_____
Ron Clark, United States District Judge